UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WONDER WILLIAMS

                                Plaintiff,

                                                                            9:16-CV-1343

v.                                                                          (GTS/TWD)

KEVIN HESSE, Corr. Officer, Auburn Corr. Fac.;
BRIAN CHUTTEY, Captain, Auburn Corr. Fac.;
HAROLD GRAHAM, Super., Auburn Corr. Fac.;
ROBINSON, First Deputy, Auburn Corr. Fac.;
DONNELLY, Sgt., Auburn Corr. Fac.;
FAGAN, Deputy Super., Southport Corr. Fac.; and
QUINN, Lieut., Auburn Corr. Fac.,

                                Defendants.
_____

APPEARANCES:

WONDER WILLIAMS, 10-A-0102
  Plaintiff, *Pro Se*
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733

HON. LETITIA A. JAMES                                JORGE A. RODRIGUEZ, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Wonder

Williams ("Plaintiff") against the seven above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are Defendants' motion

for summary judgment, and United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion be granted in part and denied in part such that all of Plaintiff's claims should be dismissed except for his First Amendment retaliation claim against Defendant Hesse and his supervisory-liability claim against Defendant Donnelly arising from the notary-services incident, which should remain pending for trial. (Dkt. Nos. 40, 65.) Neither party has filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, Defendants' motion is granted in part and denied in part such that all of Plaintiff's claims are dismissed except for his First Amendment retaliation claim against Defendant Hesse and his supervisory-liability claim against Defendant Donnelly arising from the notary-services incident, which shall remain pending for trial.

**ACCORDINGLY**, it is

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 65) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 40) is **GRANTED in part** and **DENIED in part**, in accordance with this Decision and Order; and it is further

**ORDERED** that all of the claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED except** for his First Amendment retaliation claim against Defendant Hesse and his supervisory-liability claim against Defendant Donnelly arising from the notary-services incident, which **remain pending** for trial; and it is further

**ORDERED** that Pro Bono Counsel be appointed for Plaintiff for purposes of trial only (and not for any appeal) and that, upon assignment of Pro Bono Counsel, a final pretrial conference with counsel be scheduled, at which counsel shall appear with settlement authority from the parties.

Dated: March 26, 2020
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge